FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

APR 1 1 2025

SEAN F. MCAVOY, CLERK
_____, DEPUTY
YAKIMA, WASHINGTON

Richard R. Barker
Acting United States Attorney
Todd M. Swensen
Assistant United States Attorney
Kate M. Moore
Law Clerk
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>TAYLOR E. PRYSE,<br><br>　　　　　　　　Defendant. | Case No.: 1:24-CR-2062-ACE-1<br><br>UNSUPERVISED PRETRIAL DIVERSION AGREEMENT |

　　Plaintiff United States of America, by and through Richard R. Barker, Acting United States Attorney for the Eastern District of Washington, Todd M. Swensen, Assistant United States Attorney, and Kate M. Moore, Law Clerk, and TAYLOR E. PRYSE (hereinafter "Defendant"), and by and through Defendant's counsel, Gregory L. Scott, agree to the following Unsupervised Pretrial Diversion Agreement.

### A.　**CHARGE**

　　Beginning on or about March 18, 2023, and continuing until on or about May 20, 2023, in the Eastern District of Washington, within Yakima County, Defendant, while on land of the United States reserved by the United States for public use, did unlawfully cut or destroy trees standing and growing, to wit: live trees within the boundary of Okanogan-Wenatchee National Forest, all in violation of 18 U.S.C.

Unsupervised Pretrial Diversion Agreement - 1

§ 1853, a Class A misdemeanor. The charging instrument is an Information filed at ECF No. 1.

## B. POTENTIAL OUTCOMES

If Defendant is convicted as charged in the Information filed at ECF No. 1, he will be subject to a sentence that may include the following:

(1) A term of imprisonment of not more than one (1) year;

(2) A term of supervised release of not more than one (1) year;

(3) Up to a $100,000.00 fine; and,

(4) A $25.00 special penalty assessment.

## C. ELEMENTS OF THE OFFENSE

The United States and Defendant agree that in order to convict Defendant of unlawfully cutting or destroying trees standing and growing upon any land of the United States, to wit: live trees within the boundary of Okanogan-Wenatchee National Forest, in violation of 18 U.S.C. § 1853, the United States would have to prove beyond a reasonable doubt the following elements:

(1) The Defendant unlawfully cut or destroyed trees; and

(2) The cut or destroyed trees were growing or standing upon any land of the United States.

## D. WAIVER OF CONSTITUTIONAL RIGHTS

By entering into this Agreement, Defendant is knowingly and voluntarily giving up the following constitutional rights:

(1) The right to a speedy and public trial;

(2) The right to a jury trial;

(3) The right to see, hear, and question the witnesses;

(4) The right to remain silent at trial;

(5) The right to testify at trial;

(6) The right to compel witnesses to testify; and

Unsupervised Pretrial Diversion Agreement - 2

(7) The right to appeal a judgment of guilt.

Defendant understands that he is entitled to a bench trial, during which a judicial officer would determine whether the United States proved Defendant guilty of the charged conduct beyond a reasonable doubt.

Defendant knowingly, intelligently, and voluntarily waives each of the rights set forth above, and his right to a trial of this case by the Court.

### E.    TOLLING

Defendant stipulates and agrees to toll the running of all applicable statutes of limitations and any time-based defenses for the Covered Conduct.  This tolling shall run from the date the Agreement is signed by all parties until the Agreement expires or is terminated by the Court.  Defendant stipulates and agrees that the Agreement's tolling provision does not abridge or curtail the applicable statute of limitations in any way, but rather extends the applicable statute of limitations by the period of time that the Agreement is in effect.

Defendant further expressly waives indictment and all rights to a speedy indictment and/or trial pursuant to the Sixth Amendment of the United States Constitution, 18 US.C. § 3161, Federal Rule of Criminal Procedure 48(b), and any applicable Local Rules of the United States District Court for the Eastern District of Washington for the period during which this Agreement is in effect.

### F.    AGREEMENTS REGARDING THE FACTUAL BASIS

The United States and Defendant agree that the facts set forth in the Factual Basis section of this Agreement constitute a sufficient factual basis for a judicial finding that Defendant unlawfully, willfully, and knowingly cut and destroyed any tree growing, standing, or being upon any land of the United States in violation of 18, U.S.C. § 1853. The United States and Defendant agree that the United States could prove the facts in the Factual Basis beyond a reasonable doubt at trial, and that the facts in the Factual Basis are sufficient for the Court to make findings and enter judgment against the Defendant on the charge set forth in the citation.

Unsupervised Pretrial Diversion Agreement - 3

The United States and Defendant agree that if Defendant violates the terms of this Agreement, the Court may accept the Factual Basis as true and may impose judgment accordingly, without conducting further factual inquiry.

The United States and Defendant agree that if the Court finds that Defendant has violated any term of this Agreement, neither the United States nor Defendant will do any of the following at any proceeding:

(1) Dispute that the Factual Basis is sufficient to support the charge;

(2) Present any evidence or facts that are not in the Factual Basis;

(3) Make any attempt to prove or negate any element of the charge; or

(4) Make any argument that any element of the charged offense has not been established by the Factual Basis.

## G.  FACTUAL BASIS

On or about May 18, 2023, United States Forest Service ("USFS") Officers ("officers") discovered the remnants of six live trees that had been cut down at two locations within the boundary of Okanogan-Wenatchee National Forest.  Both locations are along Bethel Ridge Road (FS 1500.114), in areas where the cutting and removal of live trees is prohibited by federal law.  As a response to this evidence and reports of similar illegal cutting of live trees in the area, Officers set up two game cameras to capture the identity of the suspects.

On May 25, 2023, Officers returned to the area and discovered that six more live trees had been cut down and processed in the area where the game cameras had been set up.  Game camera footage from the early morning of May 20, 2023, showed two individuals—later determined to be Defendant and co-defendant Matthew J. Schmierer (hereinafter referred to as "co-defendant Schmierer")—cutting green trees using chainsaws and other tools.  Photos and footage also captured two pickup trucks—one blue Ford F-150 hauling a black trailer, and a silver Ford F-350, leaving the area loaded with wood rounds appearing to be Douglas Fir trees.  Officers later determined that Defendant owned the Silver Ford F-350, and that codefendant

Unsupervised Pretrial Diversion Agreement - 4

Schmierer owned the black trailer. Golden Gate Hop Ranches, Inc. owned the Blue F-150 pickup truck.

On June 2, 2023, USFS Timber Management Assistant ("TMA") personnel and officers returned to the area and confirmed the recently cut trees were Douglas Firs. Later that week, TMA reported that based on the location and type of wood, the value of the cut timber (12 Douglas Fir trees) would be $1,850 as firewood, or $2,360 as sawtimber.

On June 21, 2023, officers arrived at the co-defendant Schmierer's residence where they observed a large pile of cut wood. Co-defendant Schmierer admitted to cutting green trees on one occasion with Defendant, without a Forest Products Free Use Permit. After admitting to cutting wood with Defendant, co-defendant Schmierer gave the officers permission to seize the wood in his property.

On June 21, 2023, officers interviewed Defendant in the driveway of his residence. During the interview, Defendant admitted to cutting trees in the FS1500.114 area at two separate locations and on two separate occasions. After initially claiming he only cut dead trees, Defendant admitted to cutting the live trees because it was too difficult to find dead ones near the road. Officers asked if Defendant would show them the wood on his property, which he agreed to do. Defendant showed the officers a pile of wood, which the officers estimated to be between 7-8 cords of wood. Defendant told officers that they could return and collect the wood the following day.

On June 22, 2023, officers returned to Defendant's residence to seize the cut timber. Upon arriving, they discovered that approximately half to three quarters of the wood on Defendant's residence had been removed with heavy machinery tracks surrounding the wood pile area.

Accordingly, Defendant acknowledges and agrees that on or about March 18, 2023, and continuing until on or about May 20, 2023, the Defendant, did unlawfully cut or destroy trees standing and growing, to wit: live trees within the boundary of

Unsupervised Pretrial Diversion Agreement - 5

Okanogan-Wenatchee National Forest, on land of the United States, in violation of 18 U.S.C. § 1853.

### H. DEFENDANT'S OBLIGATIONS

The Defendant acknowledges and agrees that pursuant to the terms of this Agreement, he shall do the following:

(1) Defendant shall refrain from obtaining woodcutting permits for any National Forests within the Eastern District of Washington for 18 months from the date of entry of the Agreement;

(2) Defendant shall pay $1,500.00 in restitution to United States Forest Service. Defendant shall provide proof of payment to the United States Attorney's Office for the Eastern District of Washington within 12 months of the Court's entry of this Agreement onto the docket;

(3) Beginning on the Court's entry of this Agreement onto the docket, the Defendant shall obey all laws and shall not commit any violations of federal, state, or local law while this Agreement is active. Civil and non-criminal traffic violations will not constitute "violations" for purposes of this subparagraph of this Agreement. This obligation applies for the term of this Agreement.

### I. THE UNITED STATES' OBLIGATIONS

For a term of 18 months, beginning on the Court's entry of this Agreement onto the docket, the United States will not pursue prosecution of the Defendant in the Eastern District of Washington for the conduct charged in the Information filed at ECF No. 1. Further, the United States will move to dismiss the citation after the completion of the 18-month restrictions and payments have been satisfied, so long as the Defendant complies with his obligations as set forth in this Agreement.

//
//

Unsupervised Pretrial Diversion Agreement - 6

## J. AGREED PROCEDURES

The United States and the Defendant agree that the following procedures will govern this Agreement and its execution:

(1) The United States and the Defendant agree to seek a continuance of this case for a term of 18 months after the Court's entry of this Agreement onto the docket. If the Defendant complies with his obligations as set forth in this Agreement, the United States will move to dismiss with prejudice the charge in the information at ECF No. 1 filed no earlier than 18 months after the Court's entry of this Agreement onto the docket. The United States' agreement to dismiss with prejudice the Information upon the Defendant's successful compliance with this Agreement and to not bring any additional charges against the Defendant based on information in its possession at the time of this Agreement, that arise from conduct that is either charged in the Information or identified in discovery produced in this case or foreclose the United States' ability to bring new or additional future charges against the Defendant in any other charging instrument, based upon other unrelated information.

*[handwritten annotation: "GLS TP  does not  KM"]*

(2) For a term of 18 months after the Court's entry of this Agreement onto the docket, the United States may allege at any time that the Defendant has violated the terms of this Agreement or has failed to comply with one or more of his obligations under this Agreement. If the United States makes such an allegation, the Court may conduct a hearing to determine if the Defendant has violated the terms of the Agreement. The United States and the Defendant understand that if the Court concludes that he has violated the terms of the Agreement, the Court may take any next step that the Court deems just, including, but not limited to, the following:

    (a) The Court may remove the Defendant from pretrial diversion, accept the Factual Basis set forth in this Agreement as true, enter a judgment

Unsupervised Pretrial Diversion Agreement - 7

of conviction on the underlying charge, and impose sentence on the underlying charge without any further inquiry into the facts supporting the charge;

(b) The Court may order that the Defendant continue with the conditions of pretrial diversion; and/or

(c) The Court may order additional or different conditions of pretrial diversion.

(3) The United States and the Defendant understand and agree that by accepting this Agreement and entering it into the Court's docket, the Court makes no findings or conclusions regarding the facts of the case or the offense alleged.

### K. INTEGRATION CLAUSE

The United States and the Defendant acknowledge that this document constitutes the entire Pretrial Diversion Agreement between the United States and the Defendant, and no other promises, agreements, or conditions exist between the United States and the Defendant concerning the resolution of this case. This Agreement is binding only upon the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state, or local authorities. The United States and the Defendant agree that this Agreement cannot be modified except in writing, signed by the United States and the Defendant.

//
//
//
//
//
//
//
//

//
//
//

## APPROVALS AND SIGNATURES

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Richard R. Barker
Acting United States Attorney

_____    4/11/2025
Todd M. Swensen                                  Date
Assistant United States Attorney


_____    4/11/2025
Kate M. Moore                                      Date
Law Clerk

I have read this Agreement and have carefully reviewed and discussed every part of the Agreement with my attorney. I understand and voluntarily enter into this Agreement. Furthermore, I have consulted with my attorney about my rights, I understand those rights, I waive them as set forth in this Agreement and no one has threatened or forced me in any way to enter into this Agreement. I further understand that by agreeing to continue this matter as set forth in this Agreement, I am agreeing to follow the procedures set forth in this Agreement. I understand the conditions of this Agreement and agree that I will comply with those conditions.

Unsupervised Pretrial Diversion Agreement - 9

| | | |
|---|---|---|
| _____ | | 4/11/25 |
| TAYLOR E. PRYSE | | Date |
| Defendant | | |

I have read this agreement and have discussed its contents with my client. The Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to enter into this Agreement. There is no legal reason why the Court should not accept this Agreement.

| | | |
|---|---|---|
| _____ | | 11 APRIL 2025 |
| Gregory L. Scott | | Date |
| Attorney for Defendant | | |